FILED

2013 SEP 20 PM 3: 14

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY:

Peter R. Afrasiabi, Esq. (Bar No. 193336)
email: pafrasiabi@onellp.com
John Tehranian, Esq. (Bar. No. 211616)
email: jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
West Tower, Suite 1100
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Plaintiff
JOSH AGLE. INC.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

JOSH AGLE, INC., a California
corporation,

      Plaintiff,

v.

CULINARY ADVENTURES
INCORPORATED, a Delaware corporation;
HMSHOST CORPORATION; and DOES 1
through 10, inclusive,

      Defendants.

Case No.   **SACV13-01476 AN**

**COMPLAINT FOR COPYRIGHT
INFRINGEMENT (17 U.S.C. §501)**

**DEMAND FOR JURY TRIAL**

BY FAX

    JOSH AGLE, INC. ("Agle"), by and through its attorneys of record, complains
against CULINARY ADVENTURES INCORPORATED, HMSHOST CORPORATION,
and DOES 1 through 10 ("DOES") (altogether "Defendants"), alleging as follows:

## JURISDICTION AND VENUE

    1.    This is a civil action against Defendants Culinary Adventures Incorporated,
HMSHost Corporation, and DOES 1 through 10 for copyright infringement in violation of
the Copyright Act, 17 U.S.C. §§ 101 *et seq.*  This Court has subject matter jurisdiction
pursuant to 17 U.S.C. § 501(a), 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

---

**COMPLAINT**

2.      Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this Judicial District and the Defendants may be found and transact business in this Judicial District.  Defendants are subject to the personal jurisdiction of this Court and are amenable to service of process pursuant to the California Long-Arm Statute, Cal. Civ. Proc. Code, Section 413.10, and Fed. R. Civ. P. 4(e).

## PARTIES

3.      Plaintiff Josh Agle, Inc. ("Agle") is a corporation incorporated and existing under the laws of California, with a principal place of business located at 1821 Lemon Terrace, Santa Ana, CA 92705 in the County of Orange, which, *inter alia*, holds the intellectual property of Josh Agle, a critically acclaimed and internationally renowned painter, illustrator and designer residing in Orange County, California.

4.      Plaintiff is informed and believes and, upon such, alleges that Defendant CULINARY ADVENTURES INCORPORATED ("CAI") is a Delaware corporation with its corporate headquarters at 567 San Nicolas Drive, Suite 400, Newport Beach, California 92660 is/was the owner and operator of the Oasis Grill and Sky Lounge at the John Wayne Airport in Santa Ana, California where the mural at issue in this suit is/was designed for and publicly displayed, and CAI is owned and operated by noted chef and restaurateur David Wilhelm, who has created, designed, launched and managed numerous well-known Orange County eateries, including but not limited to the Oasis Grill and Sky Lounge at the John Wayne Airport in Santa Ana, California.

5.      Plaintiff is informed and believes and, upon such, alleges that Defendant HMSHOST CORPORATION ("HMS") is a Delaware corporation with its corporate headquarters at 6905 Rockledge Drive, Bethesda, Maryland 20817 and is/was Defendant CAI's partner in the creation and operation of the Oasis Grill and Sky Lounge at John Wayne Airport in Santa Ana, California.

6.      The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as DOES 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names.  Plaintiff will ask leave of

2

**COMPLAINT**

Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

7.      Plaintiff is informed and believes and, upon such, alleges that each of the Defendants designated herein as a "DOE" is legally responsible in some manner for the events and happenings herein alleged, and that Plaintiff's damages as alleged herein were proximately caused by such Defendants.

## FACTS COMMON TO ALL COUNTS

8.      Shag is the *nom de brosse* of Josh Agle, a critically acclaimed and internationally renowned painter, illustrator and designer based in Orange County, California.  Under the name Shag, Josh Agle (hereinafter "Shag") has enjoyed successful solo exhibitions at galleries around the world, including throughout North America, Asia, Europe and Australia, and his work is well known amongst the cognoscenti and the public alike.

9.      Shag is known for his distinctive painting style and its vision of the jet-set lifestyle.  Through the use of vivid colors, sharply rendered floating panels, angular depictions, and exotic juxtapositions, his works celebrate the mysticism of consumerism and consumption.  His narrative works often feature unique and distinctive characters drinking, smoking and eating in lavish and stylish surroundings, caught in the middle of a story or situation, interacting with each other or reacting to outside events.

10.      Shag's unique and distinctive style has not only earned him critical accolades, it has also generated heavy demand for his works in the art market.  Demand has consistently outstripped supply.  All of Shag's solo exhibitions have sold out entirely and there is a backlog of customers waiting for his new work.

11.      Shag has carefully licensed use of his paintings and the characters and motifs embodied therein in a variety of contexts.  For example, MGM Studios licensed Shag's work to commemorate the fortieth anniversary of the first Pink Panther film and anniversary of the Pink Panther character.  Shag has been honored as one of the official artists of Disneyland's fiftieth anniversary and, to this effect, Disneyland has licensed

**COMPLAINT**

Shag's work for a limited series of serigraphs, aloha shirts, tiki mugs, handbags, and card sets that celebrate the semi-centennial of the theme park.  His characters recently formed the basis of the highly successful theatrical production at the Planet Hollywood Hotel and Casino in Las Vegas entitled "Shag with a Twist."  Shag and his work are the subject of a recent feature-length documentary entitled "The Sophisticated Misfit."

12.    Shag has carefully controlled the reproduction of his work in only the most appropriate contexts that are consistent with his artistic vision.

13.    Shag's iconic work is particularly well known in Orange County, California, where he has long made his home.

14.    Plaintiff is informed and believes, and based thereon alleges, that Defendants have, for some unknown period of time, prepared, publicly displayed and/or otherwise made use of a mural in a space that was, until recently, part of the Oasis Grill and Sky Lounge venue (between Terminals A and B at the John Wayne Airport in Santa Ana, California) that reproduces and publicly displays Agle's copyrighted works, and derivatives thereof, in violation of the exclusive rights under 17 U.S.C. § 106 that Agle holds in numerous paintings by Shag, drawing liberally from Agle's entire oeuvre and featuring objects, shapes, themes, colors, setting and characters, including but not limited to some of the most iconic imagery in Agle's work.  A photograph of the mural is included as Exhibit A.

15.    It is unknown how long these alleged violations have been occurring. However, violation of Agle's exclusive rights under 17 U.S.C. § 106 appear to be on-going at least through the beginning of this year and in willful disregard of Agle's legal rights.

### FIRST CLAIM FOR RELIEF
### (Copyright Infringement, 17 U.S.C. § 501)

16.    Plaintiff Agle incorporates here by reference the allegations in paragraphs 1 through 15 above.

17.    Plaintiff Agle is the owner of all rights, title and interest in the copyrights to the relevant paintings of Shag, which substantially consist of material wholly original with

Plaintiff, which are copyright subject matter under the laws of the United States and for which registrations have been obtained by and through, *inter alia*, U.S. Copyright Registration Nos. VA001352498, VA0001356445, VA0001728457, VA0001728455, VA0001728405, VA0001356444, VA0001356443, VA0001301785, VA0001301786, TX0006061124, TX0006072996, TX0006232776, TX0006213943 and TX0005339553. Plaintiff Agle has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights.

18.    Defendants have directly, vicariously and/or contributorily infringed, and/or induced infringement, and unless enjoined, will continue to infringe Agle's copyrights by reproducing, displaying, distributing and utilizing for purposes of trade unauthorized derivative versions of the copyrighted works of Agle and the copyrighted elements therein, in violation of 17 U.S.C. § 501 *et seq.*

19.    For example, and *inter alia*, Plaintiff Agle is the owner of all rights, title, and interest in the copyright to the painting "The Stairs" created by Josh Agle in or around 2002, which substantially consists of material wholly original with Plaintiff and which is copyrightable subject matter under the laws of the United States.  Plaintiff Agle has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights.  A true and correct copy of "Stairs" in relevant part is reproduced in Exhibit B.

20.    "The Stairs" is featured on page 82 of the book "Shag, Ltd. Fine Art Limited Editions," which has been registered with the United States Copyright Office.  A true and correct copy of the Copyright Office's registration information for "Shag, Ltd. Fine Art Limited Editions" is attached as Exhibit C.

21.    The woman featured in center of Defendant's mural – as depicted in Exhibit A – is a strikingly similar reproduction of the woman featured in Shag's painting "The Stairs."  As the side by side comparison of the two works captured in Exhibit D clearly shows, among other things, the striking similarities include, but are not limited to, the woman's distinctive pose perched on a curvilinear piece of furniture, the woman's strapped

**COMPLAINT**

dress, distinctive open mouth (formed by an arched three-quarters-ellipsis that is closed on the right end and open on the left end), distinctive parted and curled hair style with widow's peak, the absence of a nose, the pencil-thin neck and limbs, sharply angular breasts, precisely and distinctively arranged fingers and hand posture, black dress gloves, manner of seating, and uncomfortably bent arm and posed affect.

22.    In addition, and *inter alia*, Plaintiff Agle is the owner of all rights, title and interest in the copyright to the painting "Napoleon Underground," created by Josh Agle in or around 2000, which substantially consists of material wholly original with Plaintiff and which is copyrightable subject matter under the laws of the United States.  Plaintiff Agle has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights.  A true and correct copy of "Napoleon Underground" in relevant part is reproduced in Exhibit E.

23.    "Napoleon Underground" is featured on pages 23 and 24 of the book "Shag: The Art of Josh Agle," which has been registered with the United States Copyright Office. A true and correct copy of the Copyright Office's registration information for "Shag: The Art of Josh Agle" is attached as Exhibit F.

24.    The brunette woman featured at the far left of Defendants' mural – as depicted in Exhibit A – is a striking similar reproduction of the woman featured in Shag's painting "Napoleon Underground."  As the side by side comparison of the two works captured in Exhibit G clearly shows, among other things, the striking similarities include, but are not limited to, the woman's distinctive open mouth (formed by an arched three-quarters-ellipsis that is closed on the left end and open on the right end), the absence of a nose, the pencil-thin neck and limbs, sharply angular breasts, distinctive bent arms and posed affect, and distinctive S-shaped body rendition and seating posture.

25.    In addition, and *inter alia*, Plaintiff Agle is the owner of all rights, title and interest in the copyright to the painting "Ghost of a Cad," created by Shag in or around 2003, which substantially consists of material wholly original with Plaintiff and which is copyrightable subject matter under the laws of the United States.  Plaintiff Agle has

**COMPLAINT**

complied in all respects with the Copyright Act and of all the laws of the United States governing copyrights.  A true and correct copy of "Ghost of a Cad" is attached as Exhibit H.

26.   "Ghost of a Cad" is featured on pages 40 and 41 of the book "Shag: The Art of Josh Agle," which has been registered with the United States Copyright Office.  A true and correct copy of the Copyright Office's registration information for "Shag: The Art of Josh Agle" is attached as Exhibit F.

27.   In addition, and *inter alia*, Plaintiff Agle is the owner of all rights, title and interest in the copyright to the painting "The Lucky Grasshopper," created by Josh Agle in or around 2003, which substantially consists of material wholly original with Plaintiff and which is copyrightable subject matter under the laws of the United States.  Plaintiff Agle has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights.  A true and correct copy of "The Lucky Grasshopper" is reproduced in Exhibit I.

28.   "The Lucky Grasshopper" is featured on page 60 of the book "Shag: The Art of Josh Agle," which has been registered with the United States Copyright Office.  A true and correct copy of the Copyright Office's registration information for "Shag: The Art of Josh Agle" is attached as Exhibit F.

29.   The lower half of the body of the blonde woman featured on the left of Defendants' mural – as depicted in Exhibit A – is a striking similar reproduction of the lower half of the body woman featured in Shag's painting "Ghost of a Cad" and the upper half of the body of the woman featured in Shag's painting "The Lucky Grasshopper."  As the side by side comparison of the two works captured in Exhibit J clearly shows, among other things, the striking similarities include, but are not limited to, the woman's distinctive pose, leg position, angle of rendition, uncomfortable and unnatural seating posture, pencil thin and distinctive limbs, body shaping, and distinctive angular breasts, distinctive open three-quarters-ellipsis mouth, affectation, hairstyle and distinctive absence of a nose.

30.   In addition, and *inter alia*, Plaintiff Agle is the owner of all rights, title and

**COMPLAINT**

interest in the copyright to the painting "The Discerning Guests," created by Josh Agle in or around 2001, which substantially consists of material wholly original with Plaintiff and which is copyright subject matter under the laws of the United States.  Plaintiff Agle has complied in all respects with the Copyright Act and all of the laws of the United States governing copyrights.  A true and correct copy of "The Discerning Guests" is reproduced in Exhibit K.

31.    "The Discerning Guests" has been registered with the United States Copyright Office.  A true and correct copy of the Copyright Office's registration information for "The Discerning Guests" is attached as Exhibit L.

32.    Defendants' mural misappropriates numerous motifs and particular body rendition styles and characters from the Shag oevre, as embodied in the painting "The Discerning Guests."

33.    Defendants have therefore willfully infringed, and unless enjoined, may continue to infringe Agle's copyrights, including but not limited to the copyrights to "The Stairs," "Napoleon Underground," "Ghost of a Cad," "The Lucky Grasshopper," and "The Discerning Guests," in addition to other Agle works registered timely with the United States Copyright Office, by knowingly reproducing, displaying, distributing and utilizing for purposes of trade and promotion unauthorized derivative versions of the copyrighted works of Josh Agle and the copyrighted elements therein.

34.    Defendants have received substantial benefits in connection with the unauthorized reproduction, display, distribution and utilization for purposes of trade and promotion of derivative versions of the copyrighted works of Josh Agle and the copyrighted elements therein.

35.    All of the Defendants' acts are and were performed without the permission, license or consent of Agle.

36.    The said wrongful acts of Defendants have caused, and are causing, great injury to Agle, which damage cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, Agle will suffer irreparable

**COMPLAINT**

injury, for all of which it is without an adequate remedy at law.  According, Agle seeks a declaration that Defendants are infringing Agle's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement of Agle's copyrights.

37.    As a result of the acts of Defendants alleged herein, Agle has suffered and is suffering substantial damage to its business in the form of diversion of trade, loss of profits, injury to goodwill and reputation, and the dilution of the value of its rights, all of which are not yet fully ascertainable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests judgment against Defendants as follows:

1.    The Defendants, their officers, agents, servants, employees, representatives, and attorneys, and all person in active concert or participation with them, be permanently enjoyed from designing, copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all products and services, including but not limited to gaming machines, that infringe, contributorily infringe, or vicariously infringe upon Plaintiff Agle's copyrights.

2.    A seizure order be entered directing the U.S. Marshall to seize and impound all items possessed, owned or under the control of Defendants, their officers, agents, servants, employees, representatives and attorneys, and all persons in active concert or participation with them, which infringe upon Plaintiff Agle's copyrights, including but not limited to any products and services, such as gaming machines, that infringe, contributorily infringe, or vicariously infringe upon Plaintiff Agle's copyrights.

3.    Defendants be held liable to Plaintiff for actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement pursuant to 17 U.S.C. §§ 504 (a)(1) & (b).

4.    Defendants be held liable to Plaintiff for statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. §§ 504(a)(2) & (c).

**COMPLAINT**

1         5.      Defendants be held liable to Plaintiff for costs, interest and reasonable

2 attorneys' fees pursuant to 17 U.S.C. § 505

3         6.      That Plaintiff be awarded any such other and further relief as the Court

4 may deem just and appropriate.

5

6 Dated:  September 20, 2013            **ONE LLP**

7

8                               By: _____

9                                 John Tehranian
                                  Attorneys for Plaintiff,
                                  JOSH AGLE, INC.

10

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff Josh Agle, Inc. hereby demands trial by jury of all issues so triable under the law.

Dated:  September 20, 2013                    **ONE LLP**

By:  _____
John Tehranian
Attorneys for Plaintiff,
JOSH AGLE, INC.

11
**COMPLAINT**

# EXHIBIT A

**EXHIBIT A**

Defendants' Infringing Mural



# EXHIBIT B

**EXHIBIT B**

Josh Agle's "The Stairs"



# EXHIBIT C



**Copyright**
United States Copyright Office

| Help | Search | History | Titles | Start Over |

# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Author = Agle, Josh, 1962-
Search Results: Displaying 10 of 12 entries



Labeled View

---

*Shag, Ltd. fine art limited editions : a catalogue raisonne / foreword by...*

| | |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001356444 / 2006-03-24 |
| **Title:** | Shag, Ltd. fine art limited editions : a catalogue raisonne / foreword by Shag ; intod. & compilation by Douglas Nason. |
| **Imprint:** | San Francisco : Last gasp, c2005. |
| **Description:** | 147 p. |
| **Copyright Claimant:** | on ill.; Josh Agle Inc. |
| **Date of Creation:** | 2005 |
| **Date of Publication:** | 2005-12-11 |
| **Authorship on Application:** | Josh Agle, 1962-. |
| **Names:** | Nason, Douglas |
| | Agle, Josh, 1962- |
| | Shag |
| | Josh Agle Inc. |



| Save, Print and Email (Help Page) |
|---|
| Select Download Format [Full Record ▾] [Format for Print/Save] |
| Enter your email address: [                    ] [Email] |

---

Help    Search    History    Titles    Start Over

Contact Us  |  Request Copies  |  Get a Search Estimate  |  Frequently Asked Questions (FAQs) about Copyright  |

# EXHIBIT D

**EXHIBIT D**

Side by Side Comparison of Defendants' Mural and Josh Agle's "The Stairs"

 

# EXHIBIT E

**EXHIBIT E**

Josh Agle's "Napoleon Underground"



# EXHIBIT F



# Public Catalog

Copyright Catalog (1978 to present)

Search Request: Left Anchored Copyright Number = VA0001352498

Search Results: Displaying 1 of 1 entries



Labeled View

---

***Shag : the art of Josh Agle / foreword by Billy Shire ; essay by Colin Berry.***

|  |  |
|---|---|
| **Type of Work:** | Visual Material |
| **Registration Number / Date:** | VA0001352498 / 2005-10-14 |
| **Title:** | Shag : the art of Josh Agle / foreword by Billy Shire ; essay by Colin Berry. |
| **Imprint:** | San Francisco : Chronicle Books, c2005. |
| **Description:** | 222 p. |
| **Copyright Claimant:** | on artwork; Shag |
| **Date of Creation:** | 2005 |
| **Date of Publication:** | 2005-08-01 |
| **Authorship on Application:** | Josh Agle |
| **Previous Registration:** | Preexisting material: paintings by Josh Agle aka Shag. |
| **Basis of Claim:** | New Matter: compilation and new artwork. |
| **Copyright Note:** | C.O. correspondence. |
| **Names:** | Shire, Billy |
|  | Berry, Colin |
|  | Agle, Josh |
|  | Shag |
|  | Josh Agle |
|  | Shag |



| Save, Print and Email (**Help Page**) |
|---|
| Select Download Format  Full Record  Format for Print/Save |
| Enter your email address:  Email |



# EXHIBIT G

**EXHIBIT G**

Side by Side Comparison of Defendants' Mural and Josh Agle's "Napoleon

Underground"

 

# EXHIBIT H

**EXHIBIT H**

Josh Agle's "Ghost of a Cad"



# EXHIBIT I

**EXHIBIT I**

Josh Agle's "The Lucky Grasshopper"



# EXHIBIT J

**EXHIBIT J**

Side by Side Comparison of Defendants' Mural and Josh Agle's "Ghost of a Cad"
and "The Lucky Grasshopper"



# EXHIBIT K

**EXHIBIT K**

Josh Agle's "The Discerning Guests"



# EXHIBIT L



# Public Catalog

Copyright Catalog (1978 to present)
Search Request: Author = Agle, Josh, 1962-
Search Results: Displaying 3 of 12 entries



Labeled View

*The discerning guests.*

**Type of Work:** Visual Material
**Registration Number / Date:** VA0001301786 / 2005-04-28
**Title:** The discerning guests.
**Description:** Reproduction of acrylic painting.
**Copyright Claimant:** Josh Agle, Inc.
**Date of Creation:** 2001
**Date of Publication:** 2001-12-01
**Authorship on Application:** artwork: Josh Agle, 1962-.
**Previous Registration:** Appl. states drawing of a couple appeared in painting Vice monkeys by Josh Agle.
**Other Title:** Vice monkeys
**Names:** Agle, Josh, 1962-
Josh Agle, Inc.





| Save, Print and Email (**Help Page**) | | |
|---|---|---|
| Select Download Format | Full Record ▾ | Format for Print/Save |
| Enter your email address: | | Email |

Help   Search   History   Titles   Start Over

Contact Us | Request Copies | Get a Search Estimate | Frequently Asked Questions (FAQs) about Copyright
Copyright Office Home Page | Library of Congress Home Page

**CIVIL COVER SHEET**

COPY

| | |
|---|---|
| **I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ ) <br><br> JOSH AGLE, INC., a California corporation, | **DEFENDANTS** ( Check box if you are representing yourself ☐ ) <br><br> CULINARY ADVENTURES INCORPORATED, a Delaware corporation; HMSHOST CORPORATION; and DOES 1 through 10, inclusive, |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) <br><br> ONE LLP <br> 4000 MACARTHUR BLVD. <br> WEST TOWER, SUITE 1100 <br> NEWPORT BEACH, CA 92660   (949) 502-2870 | **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same information.) |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding

☐ 2. Removed from State Court

☐ 3. Remanded from Appellate Court

☐ 4. Reinstated or Reopened

☐ 5. Transferred from Another District (Specify)

☐ 6. Multi-District Litigation

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT:** $ To be determined

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity) COPYRIGHT INFRINGEMENT UNDER THE U.S. COPYRIGHT ACT, 17 U.S.C. §§ 101, ET SEQ.

**VII. NATURE OF SUIT** (Place an X in one box only).

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL PROPERTY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpratice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

BY FAX

| **FOR OFFICE USE ONLY:** | Case Number: | **SACV13-01476 AN** |
|---|---|---|

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**VIII. VENUE:** Your answers to the questions below will determine the division of the Court to which this case will most likely be initially assigned. This initial assignment is subject to change, in accordance with the Court's General Orders, upon review by the Court of your Complaint or Notice of Removal.

| Question A: Was this case removed from state court? | STATE CASE WAS PENDING IN THE COUNTY OF: | INITIAL DIVISION IN CACD IS: |
|---|---|---|
| ☐ Yes ☒ No | ☐ Los Angeles | Western |
| If "no," go to Question B. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX. | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | Eastern |

**Question B: Is the United States, or one of its agencies or employees, a party to this action?**

☐ Yes ☒ No

If "no," go to Question C. If "yes," check the box to the right that applies, enter the corresponding division in response to Question D, below, and skip to Section IX.

| | If the United States, or one of its agencies or employees, is a party, is it: | | INITIAL DIVISION IN CACD IS: |
|---|---|---|---|
| | A PLAINTIFF?<br>Then check the box below for the county in which the majority of DEFENDANTS reside. | A DEFENDANT?<br>Then check the box below for the county in which the majority of PLAINTIFFS reside. | |
| | ☐ Los Angeles | ☐ Los Angeles | Western |
| | ☐ Ventura, Santa Barbara, or San Luis Obispo | ☐ Ventura, Santa Barbara, or San Luis Obispo | Western |
| | ☐ Orange | ☐ Orange | Southern |
| | ☐ Riverside or San Bernardino | ☐ Riverside or San Bernardino | Eastern |
| | ☐ Other | ☐ Other | Western |

| Question C: Location of plaintiffs, defendants, and claims? | A. Los Angeles County | B. Ventura, Santa Barbara, or San Luis Obispo Counties | C. Orange County | D. Riverside or San Bernardino Counties | E. Outside the Central District of California | F. Other |
|---|---|---|---|---|---|---|
| Indicate the location in which a majority of plaintiffs reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of defendants reside: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |
| Indicate the location in which a majority of claims arose: | ☐ | ☐ | ☒ | ☐ | ☐ | ☐ |

**C.1. Is either of the following true? If so, check the one that applies:**

☒ 2 or more answers in Column C

☐ only 1 answer in Column C and no answers in Column D

Your case will initially be assigned to the
SOUTHERN DIVISION.
Enter "Southern" in response to Question D, below.

If none applies, answer question C2 to the right. ➡

**C.2. Is either of the following true? If so, check the one that applies:**

☐ 2 or more answers in Column D

☐ only 1 answer in Column D and no answers in Column C

Your case will initially be assigned to the
EASTERN DIVISION.
Enter "Eastern" in response to Question D, below.

If none applies, go to the box below. ⬇

Your case will initially be assigned to the
WESTERN DIVISION.
Enter "Western" in response to Question D below.

| Question D: Initial Division? | INITIAL DIVISION IN CACD |
|---|---|
| Enter the initial division determined by Question A, B, or C above: ➡ | SOUTHERN DIVISION |

## CIVIL COVER SHEET

**IX(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**IX(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☒ NO  ☐ YES

If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**X. SIGNATURE OF ATTORNEY
(OR SELF-REPRESENTED LITIGANT):** _____  DATE: September 20, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |