Peter R. Afrasiabi, Esq. (Bar No. 193336)
email: pafrasiabi@onellp.com
John Tehranian, Esq. (Bar. No. 211616)
email: jtehranian@onellp.com
**ONE LLP**
4000 MacArthur Blvd.
East Tower, Suite 500
Newport Beach, CA 92660
Telephone:  (949) 502-2870
Facsimile:   (949) 258-5081

Attorneys for Plaintiff
JOSH AGLE. INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH AGLE, INC., a California corporation,<br><br>        Plaintiff,<br><br>v.<br><br>CULINARY ADVENTURES INCORPORATED, a Delaware corporation; HMSHOST CORPORATION, a Delaware corporation; HATCH BROTHERS, INC., dba HATCH DESIGN GROUP, a California corporation; GRAFFITI, INC., a California corporation; and DOES 1 through 10, inclusive,<br><br>        Defendants. | Case No. SACV13-01476-AG (DFMx)<br><br>**[PROPOSED] STIPULATED PROTECTIVE ORDER** |

Pursuant to Federal Rule of Civil Procedure 26(c), Plaintiff JOSH AGLE, INC. ("Agle"), and Defendants HMSHOST CORPORTION ("Host"), HATCH BROTHERS, INC. dba Hatch Design Group ("Hatch"), and GRAFFITI, INC. ("Graffiti"), by and though their counsel, hereby stipulate and agree to the request for, and entry of, the following Stipulated Protective Order ("Order") to govern the production and use of discoverable information which may be confidential and/or trade secret information of the disclosing party:

1. **Statement of Good Cause.**  Agle has brought this copyright action claiming that Host, Hatch, and Graffiti have infringed its copyrighted works in connection with a mural that was displayed at the Oasis Grill and Sky Lounge in Santa Ana, CA.  To support their claims and defenses, the parties anticipate producing various documents and tangible things in their possession, custody, and/or control including documents relating to the copyrighted works, licensing of copyrighted works, the restaurant, and any alleged damages.  Some of the aforementioned information is proprietary, commercially sensitive, and private.  In light of these concerns, the parties agree that a mutually appropriate protective order will speed the discovery and litigation processes.  Therefore, the parties believe that good causes exists for the entry of a protective order in the above-captioned action.

2. **Scope and Purpose.**  This Order governs any information designated by a party as containing information that is "confidential." The form of information protected includes, but is not limited to, documents and things, responses and requests to produce documents or other things, deposition testimony and exhibits, interrogatory answers, and all copies, extracts, summaries, compilations, designations and portions thereof.

3. **Limitations.**  This Order does not confer blanket protection on all disclosures or responses to discovery and the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.

    (a) *Exercise of restraint and care in designating protected material*: Each party or non-party that designates information or items for protection under this Order

must take care to limit any such designation to specific material that qualifies under the appropriate standards.

    (b) *Mass, indiscriminate, or routine designations are prohibited*: Designations should be justified and not made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process, or to impose unnecessary expenses and burdens on other parties).  If it comes to a party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

    (c) *Filing Under Seal*:  The parties will endeavor to file, when possible, redacted versions of documents rather than seeking to file the entire document under seal.

  4. **Designation of Information as "Confidential."** Any information produced that a party or subpoenaed party reasonably believes contains confidential information, which includes, but is not limited to personal information about employees, agreements with non-parties, and proprietary or business-confidential information, may be so designated by labeling each page of the document "confidential."  If a subpoenaed party does not designate any document or thing that a party reasonably believes should be entitled to confidential protection, such party may make any such designation within 10 days of the production of any such document or thing by the subpoenaed party.  For all other documents and things, the designation of confidentiality shall be made at the time of the production of the documents or things if they were produced after the entry of this Order.  The designation may be made within 30 days of the entry of this Order for any other documents.  For deposition testimony, the designation of confidentiality shall either be made on the record of the deposition, or within ten business days after receipt of the deposition transcript.  For interrogatory answers, the designation of confidentiality shall be made at the time of the answer to the interrogatory is submitted.  However each party retains the right to subsequently re-designate documents and to require such documents to

be treated in accordance with such designations thereafter.  Such disclosures shall not result in the waiver of any associated privilege.

     5.    **Resolution of disputes regarding designation.**  If a party takes issue with the designation of confidentiality that party shall inform the other in writing, and the parties shall make a good faith effort to resolve the dispute.  If the parties cannot resolve the dispute regarding designation of confidentiality, the disputing party may request relief from the court pursuant to Local Rule 37.  The burden of establishing that the document or other information is entitled to protection is on the designating party.  The challenged designation shall remain in effect until changed by order of the court or agreement of the parties.

     6.    **Access to Information Designated "Confidential."**  Access to information designated "confidential" shall be limited to the following "Qualified Persons":

    a. The parties, including the officers, partners, in-house counsel and management employees of the parties or related entities which share common control or employees with the parties.

    b. The parties' independent third party attorneys, including any litigation assistant or paralegal employed by and assisting such counsel, and stenographic, secretarial or clerical personnel employed by and assisting such legal counsel in this action.  Before any such person is permitted access to any of the confidential information, such person shall be informed of the existence and contents of this Order;

    c. Persons who are directly and actively assisting trial counsel in the preparation of this action, including but not limited to parties assisting in electronic discovery, outside copy vendors, litigation support vendors, and mediators.  Before any such person is permitted access to any of the confidential information, such person shall be informed of the existence and content of this Order and execute such acknowledgement in the form of Exhibit A attached hereto;

    d. Any court reporter or typist recording or transcribing testimony given in this action;

    e. Experts and consultants retained in this matter by the attorneys in so far as the attorneys may deem it necessary for the preparation or trial of this matter. Prior to any expert or consultant being permitted access to any of the confidential information, each such expert or consultant shall first execute a declaration agreeing to be bound by the terms of this Order in the form of Exhibit A attached hereto. In the event a consulting expert becomes a testifying expert, a copy of the expert's executed statement in the form of Exhibit A must be provided to opposing counsel in advance of the expert testifying at deposition or trial.

7. **Use of Confidential Information.** Information with a confidentiality designation made pursuant to this Order shall be used only for purposes of the above captioned matter and shall be protected from any unauthorized or unrelated use. During any deposition, upon any inquiry with regard to the content of a document marked "confidential" or when counsel for a party deems that the answer to a question shall result in the disclosure of confidential information, counsel for that party may request that all persons other than the reporter, counsel and individuals herein authorized leave the deposition room during the confidential portion of the deposition. Any party filing or lodging information marked "confidential" by another party shall take steps to file or lodge such information under seal in accordance with the rules of the Central District of California.

8. **No Waiver.** Other than specified herein, the taking of or the failure to take any action to enforce the provisions of this Order, or the failure to object to any designation or any such action or omission, shall not constitute a waiver of any right to seek and obtain protection or relief.

9. **Termination of Litigation.** Within thirty days of the final disposition of this matter, whether by judgment and exhaustion of all appeals, or by settlement, the attorneys

of record shall destroy or return to the disclosing party or its attorney the confidential information in their possession, custody or control or in the possession, custody or control of their staff, experts and constituents, and shall destroy all notes, memoranda or other documents which contain excerpts from any of the confidential information, except that counsel may retain one copy of such notes, memoranda or other documents for their files, and shall deliver to the disclosing party or its attorney written confirmation that there has been compliance with the terms of this paragraph or that there has not been compliance and the reason for such noncompliance, upon receipt of which the disclosing party may make application to the court for such further order as may be appropriate.

10. **Acceptance and Inadvertent Disclosure.** Acceptance by a party or its attorney of information disclosed under designation as protected shall not constitute an admission that the information is, in fact, entitled to protection.  Inadvertent production by any party of a document containing privileged attorney-client or other privileged communications, attorney work product immunity, or other information not subject to discovery, shall not constitute a waiver of any privilege, immunity or other right not to produce such a document.  If a party through inadvertence produces or provides discovery which it believes is subject to a claim of attorney-client privilege or work product immunity, in the event the receiving party discovers that it has received such documents, it will bring that fact to the attention of the producing party immediately upon discovery.  In the event that the producing party discovers that it has produced either attorney-client privilege or work-product protected documents, it will bring that fact to the attention of the receiving party immediately upon discovery.  Upon request by the producing party, the receiving party will promptly return to the producing party any attorney client privilege or work-product-protected document and any copies that the receiving party may have made, which the producing party will keep separately and preserve.  Upon request by the producing party, the receiving party will promptly disclose the names of any individuals who have read or have had access to the attorney-client privilege or work-product-protected document. Further, the receiving party must take reasonable steps to retrieve the information if the

receiving party disclosed it before being notified.  Return of the documents by the receiving party shall not constitute an admission or concession, or permit any inference, that the returned document or thing is, in fact, properly subject to a claim of attorney-client privilege or work product immunity.

      11. **Enforcement of this Order.**  This Order shall survive the conclusion of this action and the court shall have jurisdiction to enforce this order beyond the conclusion of this action.

      **Miscellaneous Provisions**

      12.  In the event that any party hereto claims that any provision of the Order has been violated, such party may move this Court, upon proper notice, for appropriate sanctions and/or other relief.

      13.  Nothing in this Order shall be construed as limiting or negating the right of any party hereto to bring a motion to compel discovery in this action or as limiting or negating the right of any party to object to any discovery such party otherwise believes in good faith to be improper.

      14.  Nothing in this Order shall be construed as an admission as to the relevance, authenticity, foundation, or admissibility of any document, material, transcript, or other information that is not otherwise relevant, authenticated, or admissible, or does not possess an adequate foundation.

      15.  This Order shall not preclude any party from using or disclosing any of its own documents or materials for any lawful purpose.

      16.  In the event any person in receipt of information designated "confidential" receives a written request, subpoena, or Court Order seeking disclosure of another party's information designated "confidential," such person shall immediately upon receipt of such request, subpoena, or Court Order, notify counsel for the designating party of the request, subpoena, or Court Order, and shall provide counsel for the designating party with a copy of the same, unless prohibited by law.

The parties have met and conferred in good faith about the scope and terms of this Stipulated Protective Order.  The parties have agreed to this Statement of Good Cause for the sole purpose of entering into this Stipulated Protective Order; the Statement of Good Cause shall be inadmissible for any other purpose.

IT IS SO STIPULATED.

Dated:  June 19, 2014  **ONE LLP**

By:  /s/ John Tehranian
John Tehranian
Attorneys for Plaintiff Josh Agle, Inc.

Dated:  June 19, 2014  **CALDWELL, LESLIE & PROCTOR, PC**

By:  /s/ Linda Burrow
Linda Burrow
Attorneys for Defendant HMSHost Corporation

Dated:  June 19, 2014  **WEIL & DRAGE, APC**

By:  /s/ Jenifer J. Brannen
Jenifer J. Brannen
Attorneys for Defendant Hatch Brothers, Inc. dba Hatch Design Group

Dated:  June 19, 2014  **KOENIG JACOBSEN LLP**

By:  /s/ Gary L. Jacobsen
Gary L. Jacobsen
Attorneys for Defendant Graffiti, Inc.

PURSUANT TO STIPULATION, IT IS SO ORDERED.

DATED:  June 23, 2014  By: _____
Honorable Douglas McCormick
United States Magistrate Judge

# **EXHIBIT A**

## UNDERTAKING TO BE BOUND BY THE PRETRIAL PROTECTIVE ORDER REGARDING CONFIDENTIALITY OF DOCUMENTS

I, _____ [print or type full name], of _____ [print or type full address], declare that I have read in its entirety and understand the Protective Order that was issued by the United States District Court for the Central District of California in the case of *Josh Agle, Inc. v. Culinary Adventures Incorporated, et al.*, No. SACV13-01476-AG (DFMx).  I agree to comply with and to be bound by all the terms of this Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____, 2014

City and State where signed: _____

Signed: _____     _____
              [Print Name]                     [Signature]